UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Anthony Collett,

    Plaintiff,

vs.

Mihalick Commercial Maintenance, LLC
and David Mihalick

    Defendants.

No. _____

**COMPLAINT**

COMES NOW Plaintiff, Anthony Collett ("Plaintiff"), individually, and by and through the undersigned attorney and sues the Defendants, Mihalick Commercial Maintenance, LLC ("Defendant Mihalick Commercial Maintenance") and David Mihalick ("Defendant Mihalick"), (collectively, "Defendants"), and he alleges as follows:

**PARTIES**

1. At all material times, Plaintiff is an individual residing in Lorain County, Ohio.

2. At all material times, Defendant Mihalick Commercial Maintenance was a corporation duly licensed to transact business in the State of Ohio. Defendant Mihalick Commercial Maintenance does business, has offices, and/or maintains agents for the transaction of its customary business in Lorain County, Ohio.

3. At all relevant times, Plaintiff was an employee of Defendant Mihalick Commercial Maintenance. At all relevant times, Defendant Mihalick Commercial Maintenance, acting through its agents, representatives, employees, managers, members,

-1-

and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Mihalick Commercial Maintenance. In any event, at all relevant times, Defendant Mihalick Commercial Maintenance was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

4. At all relevant times, Defendant Mihalick owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Mihalick Commercial Maintenance. At all relevant times, Defendant Mihalick had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Mihalick Commercial Maintenance. In any event, at all relevant times, Defendant Mihalick was an employer subject to the FLSA and employed Plaintiff.

5. Upon information and belief, Defendants were and continue to be residents of Lorain County, Ohio.

6. At all relevant times, Plaintiff was an "employee" of Defendant Mihalick Commercial Maintenance and Defendant Mihalick as defined by 29 U.S.C. § 203(e)(1).

7. The provisions set forth in 29 U.S.C. § 207(a) of the FLSA apply to Defendant Mihalick Commercial Maintenance and Defendant Mihalick.

8. At all relevant times, Defendant Mihalick Commercial Maintenance and Defendant Mihalick were and continue to be employers as defined by 29 U.S.C. § 203(d).

-2-

9. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

10. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## JURISDICTION AND VENUE

11. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## BACKGROUND

14. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

15. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees one and one half times their regular rate of pay for all time worked in excess of 40 hours in a regular workweek. See 29 U.S.C. § 207(a).

-3-

## NATURE OF THE CLAIM

16. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

17. Defendants own and/or operate Mihalick Commercial Maintenance, LLC., an enterprise located in Lorain County, Ohio.

18. Plaintiff was employed by Defendants from approximately March 1, 2013, through approximately October 31, 2013; from approximately January 1, 2014 through September 30, 2014; and from approximately November 1, 2014 through March 31, 2016. At all times that Plaintiff was employed by Defendant, Plaintiff worked as a landscaper and snow plower. At all relevant times, Plaintiff was non-exempt from the FLSA's overtime requirements.

19. Defendant improperly classified Plaintiff as an independent contractor. However, at all times, Plaintiff was an employee of Defendants.

20. While employed by Defendants, Plaintiff worked between 50 and 60 hours per week.

21. For the entire duration of Plaintiff's employment with Defendants, Defendants had a consistent policy and practice of requiring Plaintiff to work well in excess of forty (40) hours per week without paying him one and one-half times his regular rate of pay for all hours worked over forty (40) hours per week.

22. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate of pay for hours worked over forty (40) hours per week, Defendants violated 29 U.S.C. § 207(a).

## FACTUAL BACKGROUND

23. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

24. Defendants hired Plaintiff to work as a landscaper and snow plower.

25. Defendant improperly classified Plaintiff as an independent contractor. However, at all times, Plaintiff was an employee of Defendants.

26. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled, and performed all other duties generally associated with that of an employer with regard to Plaintiff.

27. Defendants instructed Plaintiff about when, where, and how to perform his work.

28. Plaintiff, in his work for Defendants, used Defendants equipment and wore a company uniform.

29. Defendants controlled Plaintiffs schedule.

30. The following further demonstrate that Plaintiff was an employee.

    a. Defendants had the sole right to hire and fire Plaintiff;

    b. Defendants made the decision not to pay overtime;

    c. Defendants supervised Plaintiff and subjected Plaintiff to Defendants' rules;

    d. Plaintiff had no financial investment with Defendants' business;

    e. Plaintiff had no opportunity for profit or loss in the business;

    f. The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

  g. Plaintiff was hired as a permanent employee, working for Defendants for more than two years.

31. Defendants classified Plaintiff as an independent contractor to avoid Defendants' obligation to pay Plaintiff one and one half time his regular rate of pay for all hours worked in excess of 40 hours per week

32. Plaintiff was a non-exempt employee.

33. From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate Plaintiff for any of his overtime hours. During this time, Plaintiff worked approximately sixty (60) hours per week.

34. Plaintiff was not a manager. Plaintiff did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

35. Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

36. From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate Plaintiff for any of his overtime hours.

37. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage

requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

38. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY OVERTIME

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. In a given workweek, and during each and every workweek, during which Plaintiff was employed by Defendants, Plaintiff regularly and consistently worked approximately twenty (20) hours of overtime per week, and Defendants did not pay Plaintiff one and one-half times his regular rate of pay for such time worked.

41. For example, and upon information and belief, during the workweek of February 7, 2016, Plaintiff was scheduled, and worked, for more than 40 hours. Defendants failed and/or refused to compensate Plaintiff at one and one-half times his regular rate of pay for all time he worked in excess of forty (40) hours.

42. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

43. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207(a).

44. Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of his employment, Plaintiff believes that such information will

become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

45. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

46. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one-half times Plaintiff's regular rate of pay for all time spent performing labor for Defendants in excess of his regular 40-hour workweek.

47. As a result of Defendants failure or refusal to pay Plaintiff a wage equal to one and one-half times Plaintiff's regular rate of pay for work Plaintiff performed for Defendants in excess of his regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff is therefore entitled to compensation of one and one-half times his regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

48. **WHEREFORE**, Plaintiff, Anthony Collett, individually, requests that this Court enter Judgment against Defendants Mihalick Commercial Maintenance, LLC and David Mihalick, in his favor:

    a. Awarding Plaintiff overtime compensation in the amount due to him for all of Plaintiff's time worked in excess of forty (40) hours per work week at an amount

-8-

        equal to one and one-half times Plaintiff's regular rate of pay while working at Mihalick Commercial Maintenance, LLC.

   b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

   d. For Plaintiff's costs incurred in this action;

   e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

   f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

   g. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 30th Day of December, 2016.

By:    */s/ James L. Simon*
James L. SIMON (OH# 0089483)
6000 Freedom Square Drive
Freedom Square II – Suite 165
Independence, Ohio 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

-9-

|   |   |
|---|---|
| By: | */s/ Clifford P. Bendau, II* |

Clifford P. Bendau, II (OH# 0089601)
Christopher J. Bendau
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com

*Counsel for Plaintiff*

-10-